# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **WAYNE GAMBRELL and** | ) | |
| **ARTURO AYALA, on behalf of themselves** | ) | |
| **and other persons similarly situated,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION** |
| | ) | |
| **WEBER CARPET, INC. and** | ) | **No.10-2131-KHV** |
| **JOE'S CARPET SPRINGFIELD, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Wayne Gambrell and Arturo Ayala bring suit against Weber Carpet, Inc. and Joe's Carpet Springfield, LLC on behalf of themselves and others similarly situated, seeking unpaid straight time, overtime premiums and related penalties and damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.[1] This matter comes before the Court on <u>Plaintiffs' Motion For Conditional Certification Of Class Claims Under § 216(b) Of The FLSA For Flooring Installers</u> (Doc. #15) filed June 25, 2010. For reasons stated below, the Court sustains the motion in part.

## I.     Conditional Certification

Under 29 U.S.C. § 216(b) of the FLSA, plaintiffs seek conditional certification of a collective action for the purpose of providing notice to putative class members. In conjunction with their motion, plaintiffs ask the Court to order defendants to provide names, addresses and telephone numbers of each class member in an easy malleable format such as Microsoft Excel to assist with

---

[1]     In their complaint, plaintiffs also bring alternative claims under Rule 23, Fed. R. Civ. P., which allege violations of the Kansas Minimum Wage and Maximum Hours Law ("KMWMHL"), K.S.A. § 44-1201 et seq., and the Kansas Wage Payment Act ("KWPA"), K.S.A. § 44-313 et seq. These claims are not at issue in this motion for FLSA collective action conditional certification.

issuing class notice, to designate plaintiffs as class representatives, to approve plaintiffs' counsel as class counsel in this matter and to approve their proposed notice of claim and right to opt in.

Section 216(b) provides in part that "[a]n action . . . may be maintained against an employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). This provision provides the exclusive procedural mechanism for class certification in actions under the FLSA. Brown v. Money Tree Mortgage, Inc., 222 F.R.D. 676, 679 (D. Kan. 2004). Though the FLSA does not define the phrase "similarly situated," the Tenth Circuit has approved an ad hoc approach by which the Court determines on a case-by-case basis whether the members of the putative class are similarly situated. See Thiessen v. Gen. Elec. Capital Corp., 267 F.3d 1095, 1105 (10th Cir. 2001). Under this approach, the Court engages in a two-step process. First, the Court makes an initial "notice stage" determination which requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan. Id. at 1102 (quoting Vaszlavik v. Storage Tech. Corp., 175 F.R.D. 672, 678 (D. Colo. 1997)). By this determination, the Court decides whether a collective action should be certified for purposes of sending notice of the action to potential class members. Brown, 222 F.R.D. at 679. This initial step creates a lenient standard which typically results in conditional certification of a representative class. Gieseke v. First Horizon Home Loan Corp., 408 F. Supp.2d 1164, 1166 (D. Kan. 2006) (citing Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1214 (5th Cir. 1995)). Under the second step, initiated at the close of discovery, the Court utilizes a stricter standard which requires evaluation of several factors, including (1) disparate factual and employment settings of individual plaintiffs; (2) defenses which appear to be individual to each plaintiff; and (3) fairness and procedural considerations. Thiessen, 267 F.3d at 1102-03.

Plaintiffs seek conditional certification of a collective action which includes "a class of Flooring Installers for Defendant Weber Carpet, Inc., and Joe's Carpet Springfield, LLC employed from March 8, 2007 to the present, who were not paid for straight time and/or overtime premiums for all hours worked in excess of forty in a workweek." See Doc. #15, at 1. Plaintiffs argue that as Flooring Installers who performed essentially the same job duties under the same pay policy, putative class members are similarly situated.[2] Defendants dispute the factual basis for plaintiffs' claims, but do not contest certification at this stage, conceding that plaintiffs have satisfied their light burden of alleging that the putative class members were together the victims of a single decision, policy or plan. See e.g. Renfro v. Spartan Computer Servs., Inc., 243 F.R.D. 431, 433-34 (D. Kan. 2007) (citing Brown, 222 F.R.D. at 681) (generally, where putative class members employed in similar positions, allegation that defendants engaged in pattern or practice of not paying overtime sufficient to allege plaintiffs victims of single decision, policy or plan). After reviewing the allegations of the complaint, plaintiffs' brief in support of the motion and the attached declarations, the Court is satisfied that plaintiffs have met the minimal threshold required for conditional collective action certification.

## II.    Proposed Notice

As noted above, conditional certification facilitates the dissemination of notice to potential class members. To this end, plaintiffs have attached to the memorandum in support of their motion for conditional certification a proposed notice form which they contend is based upon the FJC model class notice. See Doc. #16-1. Defendants object to plaintiffs' proposed notice and argue that they should be allowed to confer with plaintiffs to arrive at a mutually-acceptable notice. Defendants

---

[2]    Plaintiffs allege that they installed flooring for Joes's Carpet but that Weber Carpet paid them. The principal place of business for both defendants is 11400 Rogers Road, Lenexa, KS 66216.

argue that the proposed notice is not fair or accurate and does not accurately follow the FJC model. [3] Finally, defendants object to plaintiffs' proposed dissemination plan and related request for telephone numbers and email addresses.

Under the FLSA, the Court has the power and duty to ensure that the notice is fair and accurate, but it should not alter plaintiffs' proposed notice unless such alteration is necessary. Lewis v. ASAP Land Exp., Inc., No. 07-CV-2226-KHV, 2008 WL 2152049, *2 (D. Kan. May 21, 2008). Plaintiffs, however, have not responded to defendants' objections. The Court therefore sustains defendants' objection, insofar as defendants seek the opportunity to confer with plaintiffs to reach a mutually-agreeable notice.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion For Conditional Certification Of Class Claims Under § 216(b) Of The FLSA For Flooring Installers (Doc. #15) filed June 25, 2010 be and hereby is **SUSTAINED** in part and that a collective action should be conditionally certified.

---

[3] Specifically, defendants point out the following alleged defects: (1) the notice period should be calculated backward from the date the Court conditionally certifies the class instead of forward from the date the lawsuit was filed; (2) the notice period should be two years instead of three because plaintiffs present no evidence that defendants' alleged violation was willful; (3) the notice introduction is defective because (a) it misleadingly identifies who is suing Weber Carpet as "Employees" rather than "Wayne Gambrell and Arturo Ayala;" (b) it is vague because it does not explain the notice period or specify the job position(s) included in the class and (c) it misleadingly omits the opt-in deadline and includes other language which renders it unfair; (4) the headings do not include descriptive language such as that which appears in the FJC model notice; (5) the first paragraph contains duplicative language regarding the Court's authorization of the notice; (6) the second paragraph misleadingly implies that the Court has determined that defendants have violated the law; (7) the third and fourth paragraphs are not neutral because the description of plaintiffs' claims is more than twice as long as the description of defendants' position and makes no reference to defendants' potential claim for costs; (8) it fails to adequately advise potential opt-ins how to stay out of the lawsuit and the related consequences; (9) it improperly suggests potential additional damages; (10) it inaccurately describes the obligations of opt-in plaintiffs; (11) it fails to identify defense counsel; (12) it omits defendants' potential claim for costs; (13) it does not advise that for purposes of prosecuting the lawsuit, the named plaintiffs become agents of other opt-in plaintiffs; and (14) it fails to clearly identify the opt-in deadline.

The Court directs the parties to confer regarding defendants' objections to the proposed notice. No later than November 4, 2010, plaintiffs shall submit a revised proposed notice which has been approved by defendants. If the parties cannot agree by that date, they shall submit a revised proposed notice which specifies the portion or portions that remain in dispute or request an extension of time in which to resolve whatever disputes remain.

Dated this 21st day of October, 2010, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge