## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WAYNE GAMBRELL and ARTURO AYALA, on behalf of themselves and other persons similarly situated, ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) | CIVIL ACTION |
| ) | |
| WEBER CARPET, INC. and ) JOE'S CARPET SPRINGFIELD, LLC, ) ) | No. 10-2131-KHV |
| Defendants. ) ) | |

### MEMORANDUM AND ORDER

Wayne Gambrell and Arturo Ayala bring suit against Weber Carpet, Inc. and Joe's Carpet Springfield, LLC on behalf of themselves and others similarly situated, seeking unpaid straight time, overtime premiums and related penalties and damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. On October 21, 2010, the Court sustained in part plaintiffs' motion for conditional class certification and ordered the parties to confer regarding defendants' objections to the proposed notice. This matter comes before the Court on the <u>Joint Memorandum In Response To Court's October 21, 2010 Order</u> (Doc. #29) filed November 15, 2010. The parties have resolved all but one objection to the proposed notice, <u>i.e.</u> whether for purposes of notice, plaintiff has established a willful violation under 29 U.S.C. § 255(a) sufficient to extend the statute of limitations from two years to three.

Section 255(a) sets a two-year statute of limitations in which to bring any cause of action under the FLSA for unpaid minimum wages, unpaid overtime compensation, or liquidated damages. The limitations period extends to three years for any such actions which arise out of "wilful

violations." 29 U.S.C. § 255(a). To show a willful violation, plaintiffs must show "that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988).

The complaint alleges that defendants wilfully violated the FLSA. See Doc. #1, ¶¶1, 2 and 58. Plaintiffs also provide affidavit testimony from former employee Sharon Lima which arguably establishes a willful violation for purposes of the three-year limitations period. Lima worked for Weber Carpet from approximately 1974 through 1998. Doc. #16-6, at ¶1. During her employment, she spoke with Dave Sinclair, CEO of Weber Carpet, "concerning overtime and charge back issues on at least two to three occasions." Id. at ¶10.[1] Sinclair's response that "they're installers" gave Lima the impression that Sinclair did not care whether Weber was in compliance with the law.

Defendants counter that the conclusory allegations in the complaint and the affidavit testimony of a former employee who last worked for defendants more than ten years ago do not provide sufficient factual information to establish a willful violation.

Neither side offers authority which is on point. Plaintiffs cite cases which address the evidence which is necessary to prove a willful violation at trial or summary judgment, not at the notice stage. See, e.g. McLaughlin, 486 U.S. at 131-35 (1988) (affirming Third Circuit order which vacated district court judgment and remanded for reconsideration); Alvarez .v IBP, Inc., 339 F.3d 894, 908-09 (9th Cir. 2003) (affirming district court application of three-year statute of limitations in pre-trial findings of fact and conclusions of law). Defendants cite only one case, in which the court refused to certify a class for notification purposes, noting that plaintiff failed to satisfy the basic standard to support court-ordered notice, let alone notice which would extend beyond the two-year

---

[1] Lima's affidavit does not specify the date(s) of the conversations or provide any further information about the conversation or conversations.

-2-

statute of limitations. Cohen v. Allied Steel Bldgs., Inc., 554 F. Supp.2d 1331, 1334-35 (S.D. Fl. 2008). Defendants also cite a *trial brief* in which defendants in another case argued against extending the limitations period for notice purposes. See Wolfert v. UnitedHealth Grp., No. 4:08cv01643, 2009 WL 3227705 (E. D. Mo. Jan. 7, 2009).

The Court has located no authority which discusses the pleading or other factual requirements which are necessary to extend the limitations period to three years for purposes of notice. In fact, courts in this district appear to approve three-year notice periods based on conclosory allegations of willfulness, and leave substantive willfulness determinations for later in the case See, e.g. Lewis v. ASAP Land Express, Inc., No. 07-2226-KHV, 2008 WL 2152049, at *2 (D. Kan. May 21, 2008); Smith v. BNSF Ry. Co., 246 F.R.D. 652, 654 n. 3 (D. Kan. 2007); Renfro v. Spartan Computer Servs., 243 F.R.D. 431, 432 n.1 (D. Kan. 2007); and Pivonka v. Bd. of Cnty. Comm'rs of Johnson Cnty. Kan., No. 04-2598-JWL, 2005 WL 1799208, at *1 n.1 (D. Kan. July 27, 2005). Neither party suggests any reason why this practice is improper or impractical.

Under the FLSA, the Court has the power and duty to ensure that the notice is fair and accurate, but it should not alter plaintiffs' proposed notice unless such alteration is necessary. Lewis, 2008 WL 2152049, at *2. Defendants have not demonstrated that to extend the statute of limitations for purposes of notice, Section 225(a) requires more than a conclusory allegation of willfulness. The beginning of the notification time period for purposes of notice in this case is therefore October 21, 2007, as proposed by plaintiffs.

**IT IS THEREFORE ORDERED** that the Court approves the revised notice and consent form which is attached as Exhibit 1 to the parties' Joint Memorandum In Response To Court's October 21, 2010 Order (Doc. #29) filed November 15, 2010, and directs plaintiffs to use October 21, 2007 as the beginning of the notification time period. As soon as practicable, plaintiffs

shall disseminate the notice and consent form to potential class members described in the Court's previous order conditionally certifying the case as a collective action.

Dated this 17th day of December, 2010, at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge