# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| WAYNE GAMBRELL and ARTURO AYALA, on behalf of themselves and other persons similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>WEBER CARPET, INC. and JOE'S CARPET SPRINGFIELD, LLC,<br><br>    Defendants. | CIVIL ACTION<br><br>No. 10-2131-KHV |

## MEMORANDUM AND ORDER

Wayne Gambrell and Arturo Ayala bring suit against Weber Carpet, Inc. and Joe's Carpet Springfield, LLC on behalf of themselves and others similarly situated, seeking unpaid straight time, overtime premiums and related penalties and damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.[1]  On October 21, 2010, pursuant to 29 U.S.C. § 216(b), the Court conditionally certified a class of flooring installers for Weber Carpet, Inc., and Joe's Carpet Springfield, LLC who were not paid for straight time and/or overtime premiums for all hours worked in excess of 40 in a workweek for the three-year period prior to the date of certification.[2]  See Docs. #23, 30.  This matter is before the Court on the Joint Motion For *In Camera* Review Of

---

[1] In their complaint, plaintiffs also bring alternative claims under Rule 23, Fed. R. Civ. P., which allege violations of the Kansas Minimum Wage and Maximum Hours Law ("KMWMHL"), K.S.A. § 44-1201 et seq., and the Kansas Wage Paymant Act ("KWPA"), K.S.A. § 44-313 et seq. Those claims were not part of the FLSA collective action conditional certification.

[2] The Court appointed Gambrell and Ayala as class representatives.  See Doc. #20. According to the Joint Stipulation Of Settlement, filed July 29, 2011, four individuals have opted to join the class, bringing the total number of class members to six.  See Doc. 41, ¶3.3.

Appendix A To Joint Stipulation Of Settlement, Approval Of FLSA Collective Action Settlement, And Dismissal With Prejudice (Doc. #42) filed July 29, 2011.

**I.      Legal Standards**

Federal courts recognize a common law right of access to judicial records. See Worford v. City of Topeka, No. 03-2450-JWL-DJW, 2004 WL 316073, at *1 (D. Kan. Feb. 17, 2004) (citing Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597-99 (1978); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980); Stapp v. Overnite Transp. Co., No. 96-2320-GTV, 1998 WL 229538, at *1 (D.Kan. Apr.10, 1998)). This right derives from the public's interest "in understanding disputes that are presented to a public forum for resolution" and is intended to "assur[e] that the courts are fairly run and judges are honest." Worford, 2004 WL 316073, at *1 (quoting Crystal Grower's Corp., 616 F.2d at 461). This public right of access, however, is not absolute. See id. The Court has supervisory control over its records and files and exercises discretion in deciding whether to allow public access to those records. See id. In exercising such discretion, the Court considers relevant facts and circumstances of the case and balances the public's right of access, which it presumes paramount, with the parties' interests in sealing the record or a portion thereof. See id. The Court should seal documents based only on articulable facts known to the Court, and not based on unsupported hypothesis or conjecture. See id.

**II.     Analysis**

On July 29, 2011 the parties filed a Joint Stipulation Of Settlement which memorializes the terms of the parties' settlement except for the payment terms. See Doc. #42. The payment terms appear in Appendix A, which the parties have not yet filed. Instead, they ask the Court to review Appendix A *in camera* because keeping confidentiality of the payment terms is a material term of

the Joint Stipulation Of Settlement. Upon the Court's review of Appendix A (and presumed approval of the settlement), the parties ask the Court to either destroy or return the documents to the parties. The parties do not state that Appendix A contains personal information regarding individual plaintiffs or any other information which qualifies for privacy protection under Rule 5.2, Fed. R. Civ. P. Rather, it appears that the amount of settlement is the only fact which the parties desire to keep confidential. The public's interest "in understanding disputes that are presented to a public forum for resolution" and knowing that "courts are fairly run and judges are honest," Worford, 2004 WL 316073, at *1 (quotation and citation omitted) outweighs any interest of the parties in keeping confidential the amount of settlement. McCaffrey v. Mortgage Sources, Corp., No. 08-2660-KHV, 2010 WL 4024065, at *2 (D. Kan. Oct. 13, 2010); see also Valdez v. Se. Kan. Indep. Living Res. Ctr., Inc., No. 10-1194-KHV (D. Kan. Feb. 15, 2011) ECF No. 14.

**IT IS THEREFORE ORDERED** that the Joint Motion For *In Camera* Review Of Appendix A To Joint Stipulation Of Settlement, Approval Of FLSA Collective Action Settlement, And Dismissal With Prejudice (Doc. #42) filed July 29, 2011 be and hereby is **OVERRULED.**

Dated this 11th day of August, 2011, at Kansas City, Kansas.

                                         s/ Kathryn H. Vratil
                                         KATHRYN H. VRATIL
                                         United States District Judge