## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| WAYNE GAMBRELL and | ) | |
| ARTURO AYALA, on behalf of themselves | ) | |
| and other persons similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | No. 10-2131-KHV |
| | ) | |
| WEBER CARPET, INC. and | ) | |
| JOE'S CARPET SPRINGFIELD, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Wayne Gambrell and Arturo Ayala bring suit against Weber Carpet, Inc. and Joe's Carpet Springfield, LLC on behalf of themselves and others similarly situated, seeking unpaid straight time, overtime premiums and related penalties and damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.[1]  See Docs. #23, 30.   This matter is before the Court on the parties Amended Joint Motion For Approval Of FLSA Collective Action Settlement And Dismissal With Prejudice (Doc. #44) filed August 25, 2011 and Plaintiffs' Unopposed Motion For Attorneys' Fees, Costs, And Expenses (Doc. #45) filed December 13, 2011.

### I.    Factual Background

On March 8, 2010 Gambrell and Ayala filed putative collective action claims against defendants for alleged violations of the FLSA.  See Doc. #1.  The complaint alleged that in

---

[1]    Alternatively, plaintiffs assert putative class action under Rule 23, Fed. R. Civ. P., alleging violations of the Kansas Minimum Wage and Maximum Hours Law ("KMWMHL"), K.S.A. § 44-1201 et seq., and the Kansas Wage Payment Act ("KWPA"), K.S.A. § 44-313 et seq. Those claims are not part of the FLSA collective action conditional certification.

violation of the FLSA, defendants willfully failed to pay straight time and overtime compensation. See id. ¶1.

On October 21, 2010, pursuant to 29 U.S.C. § 216(b), the Court conditionally certified a class of flooring installers for Weber Carpet, Inc., and Joe's Carpet Springfield, LLC who were not paid for straight time and/or overtime premiums for all hours worked in excess of 40 in a workweek for the three-year period prior to the date of certification.  See Doc. #23.  The Court appointed Gambrell and Ayala as class representatives.  See id.  On December 17, 2010, the Court approved the proposed notice and consent form and directed plaintiffs to disseminate the notice and consent form to potential class members as soon as practicable.  See Doc. #30.  On February 25, 2010, plaintiffs mailed the collective action notice. See Doc. #33.   In response to the notice, four individuals opted to join the class.   See Docs. #34-35.[2]

On July 29, 2011, the parties entered into a settlement agreement and filed a joint motion seeking *in camera* review of the proposed payment terms, which the Court overruled.  See Doc. #43.   The parties subsequently filed an Amended Joint Motion For Approval Of FLSA Collective Action Settlement And Dismissal With Prejudice.  See Doc. #44.  The terms of the proposed settlement are as follows: defendants will make settlement payments to six settlement class members in the following amounts:

---

[2]        The four individuals are Thomas Jones, Fernando Caldera, Alfredo Caldera and Louis Guerra.   In addition, prior to the dissemination of notice, James Blesie opted to join the case as a party plaintiff.   See Doc. #4.   The parties represent that the total class size is now six because one claim was voluntarily dismissed as untimely.   See Doc. #44-1, ¶3.3.   Presumably the dismissed claim belonged to Thomas Jones, because he is not identified as a settlement class member in the parties' proposed distribution of funds.

| Name | Gross Wage Payment | Non-Wage Payment | Total |
|------|-------------------:|-----------------:|------:|
| Arturo Ayala | $2,000 | $2,500 | $4,500 |
| James Blesie | $1,000 | $1,500 | $2,500 |
| Alfredo Caldera | $500 | $1,000 | $1,500 |
| Fernando Caldera | $1,000 | $1,500 | $2,500 |
| Luis Guerra | $500 | $1,000 | $1,500 |
| Wayne Gambrell | $500 | $1,000 | $1,500 |
| **Total** | **$5,500** | **$8,500** | **$14,000** |

The total settlement amount is $14,000.  Deductions such as income and payroll taxes will be withheld from the gross wage payment portion of the settlement payment.  Additionally, defendants will pay class counsel an amount approved by the Court up to $40,375, which represents 130 hours of attorney time at an hourly rate of $295 per hour plus $2025 in costs.   In exchange, the settling class members, through their attorney, will execute a general release and waiver of claims against defendants.

## II.      Legal Standards

When employees file suit against their employer to recover back wages under the FLSA, the parties must present any proposed settlement to the district court for review and a determination whether the settlement is fair and reasonable.  See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982)  To approve an FLSA settlement, the Court must find that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties concerned.  See id at 1354.   The Court may enter a stipulated judgment

3

only after scrutinizing the settlement for fairness.   See Peterson v. Mortg. Sources, Corp., 08-2660-KHV, 2011 WL 3793963, at *4 (D. Kan. Aug. 25, 2011).   Further, when a plaintiff has voluntarily assumed the fiduciary role of class representative, the Court must determine "whether the settling plaintiff has used the class action claim for unfair personal aggrandizement in the settlement, with prejudice to absent putative class members." Id. (quoting Shelton v. Pargo, Inc., 582 F.2d 1298, 1314 (4th Cir. 1978)).   If the settlement reflects a reasonable compromise over issues such as FLSA coverage or computation of back wages that are actually in dispute, the Court may approve the settlement to promote the policy of encouraging settlement of litigation. See Lynn's Food Stores, 679 F.2d at 1354.

Additionally, the FLSA entitles prevailing plaintiffs to recover "a reasonable attorney's fee . . . and costs of the action."   See, e.g. Gray v. Phillips Petroleum Co., 971 F.2d 591, 593 (10th Cir. 1992) (quoting 29 U.S.C. § 216(b)).   For purposes of attorney's fees, plaintiffs are considered a prevailing party if they succeed on any significant issue in litigation which achieves some of the benefit they sought in bringing suit.   Jackson v. Austin, 267 F. Supp.2d 1059, 1063 (D. Kan. 2003).   Though the court has discretion to determine the amount and reasonableness of the fee, the FLSA fee award is mandatory.   Wright v. U–Let–Us Skycap Serv., Inc., 648 F. Supp. 1216, 1218 (D. Colo. 1986).

Thus, to approve an FLSA settlement, the Court must find that (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties concerned and (3) the proposed settlement contains an award of reasonable attorney fees.   See McCaffrey v. Mortg. Sources, Corp., 08-2660-KHV, 2011 WL 32436, at *2 (D. Kan. Jan. 5, 2011); Lynn's Food Stores, 679 F.2d at 1354.   Further, when parties settle FLSA claims before the Court has made a final

4

certification ruling, the Court must make some final class certification finding before it can approve a collective action settlement.   McCaffrey, 2011 WL 32436, at *3.

### III.    Analysis

The parties ask the Court to approve their proposed settlement of FLSA collective action claims.[3]  Here, the parties seek court approval of a settlement obtained in the context of a private action to recover unpaid wages.   If the settlement reflects a reasonable compromise over issues such as FLSA coverage or computation of back wages that are actually in dispute, the Court may approve the settlement to promote the policy of encouraging settlement of litigation.   See Lynn's Food Stores, 679 F.2d at 1354.

### A.  Final Collective Action Certification

Though the Court must make a final class certification finding before it can approve a collective action settlement, the parties here do not ask the Court to do so.   Nor do they present information regarding whether plaintiffs are similarly situated for purposes of final collective action certification.   See McCaffrey, 2011 WL 32436, at *3.   On this record, then, the Court cannot make a final determination as to whether the action should proceed as a collective action. Id.   Thus, it cannot approve the proposed class action settlement.

---

[3]       The provisions of the FLSA are not subject to private negotiation or bargaining between employers and employees because the legislative policies behind it prohibit employees from waiving their rights to the minimum statutory rates and liquidated damages.  See Lynn's Food Stores, 679 F.2d at 1352; Dees v. Hydradry, Inc., 706 F. Supp.2d 1227, 1234 (M.D. Fla. 2010); Collins v. Sanderson Farms, Inc., 568 F.Supp.2d 714, 718 (E.D. La. 2008); Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707 (1945).   So, employees may settle or compromise FLSA back wage claims in one of two ways.  Lynn's Food Stores, 679 F.2d at 1352.  First, under FLSA Section 216(c), the Secretary of Labor may supervise the payment of unpaid wages to employees. See id. at 1353.   Second, in the context of a private action to recover unpaid wages, a district court may enter a stipulated judgment after scrutinizing the settlement for fairness.   See id. (citing D.A. Schulte, Inc. v. Gangi, 328 U.S. 108, 113 n. 8 (1946)); Hohnke v. United States, 69 Fed. Cl. 170, 178-79 (Fed. Cl. 2005).

### B.  Proposed Settlement

The parties do not provide information sufficient for the Court to determine whether the litigation involves a bona fide dispute or whether the proposed settlement is fair and equitable to all concerned parties.

### 1.  Bona Fide Dispute

The parties do not assert that a bona fide dispute exists or present evidence in support thereof.   See Doc. #44.   Parties requesting review of an FLSA compromise must provide information sufficient for the Court to determine whether a bona fide dispute exists.   McCaffrey, 2011 WL 32436, at *4.   To do so, the parties should provide the following information: (1) a description of the nature of the dispute (for example, a disagreement over coverage, exemption or computation of hours worked or rate of pay); (2) a description of the employer's business and the type of work performed by the employees; (3) the employer's reasons for disputing the employees' right to a minimum wage or overtime; (4) the employees' justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage.[4]   Id.   Here, the parties provide no such information, so the Court cannot determine whether the proposed settlement resolves a bona fide lawsuit under the FLSA.

### 2.  Fair and Reasonable

The parties do not provide information sufficient for the Court to determine that the proposed settlement is fair and reasonable.   To determine whether the settlement is fair, reasonable and adequate under Fed. R. Civ. P. 23(e), the Court considers (1) whether the proposed

---

[4]      The parties state generally that the proposed settlement will prevent protracted and expensive litigation and the related uncertainties.   See Docs. ##44-1 at 4; 44 at 1.

settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist which place the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties that the settlement is fair and reasonable.  Id. at *5.  The Court also must consider factors relevant to the history and policy of the FLSA, including (1) defendants' business; (2) the type of work performed by plaintiffs; (3) the facts underlying plaintiffs' reasons for justifying their claims; (4) defendants' reasons for disputing plaintiffs' claims; (5) the relative strength and weaknesses of plaintiffs' claims; (6) the relative strength and weaknesses of defendants' defenses; (7) whether the parties dispute the computation of wages owed; (8) each party's estimate of the number of hours worked and the applicable wage; and (9) the maximum amount of recovery to which plaintiffs claim they would be entitled if they successfully proved their claims.  Id.  Here, the parties provide no such information, so the Court cannot determine whether the proposed settlement is a fair and reasonable compromise of plaintiffs' claims.

### C.  Attorneys' Fees

The proposed settlement provides payment of $40,375 to plaintiffs' counsel, Lewis M. Galloway.  Because the Court cannot approve the proposed settlement, plaintiffs' fee request is premature.  Furthermore, given the size of the fee request relative to the amount of the recovery and the magnitude of the hourly rate which counsel requests, the Court is skeptical of the merit of the fee request.

**IT IS THEREFORE ORDERED** that the Amended Joint Motion For Approval Of FLSA Collective Action Settlement And Dismissal With Prejudice (Doc. #44) filed August 25, 2011 and Plaintiffs' Unopposed Motion For Attorneys' Fees, Costs, And Expenses (Doc. #45) filed

7

December 13, 2011 be and hereby are **OVERRULED.**

 Dated this 19th day of January, 2012, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
