## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

WAYNE GAMBRELL and )
ARTURO AYALA, on behalf of themselves )
and other persons similarly situated, )
)
          **Plaintiffs,** )
)     **CIVIL ACTION**
v. )     **No. 10-2131-KHV**
)
WEBER CARPET, INC. and )
JOE'S CARPET SPRINGFIELD, LLC, )
)
          **Defendants.** )
_____)

## MEMORANDUM AND ORDER

Wayne Gambrell and Arturo Ayala bring suit against Weber Carpet, Inc. and Joe's Carpet Springfield, LLC on behalf of themselves and others similarly situated, seeking unpaid straight time, overtime premiums and related penalties and damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.[1]  See Complaint (Doc. #1) filed March 8, 2012.  This matter is before the Court on the parties' Second Amended Joint Motion For Approval Of FLSA Collective Action Settlement And Dismissal With Prejudice ("Second Amended Joint Motion") (Doc. #52) and Plaintiffs' Unopposed First Amended Motion For Attorneys' Fees, Costs, And Expenses (Doc. #53), both filed April 6, 2012, and Plaintiffs' Motion For Leave To Submit Additional Evidence In Support of Plaintiffs' Unopposed Amended Motion For Attorneys' Fees, Costs, And

_____

[1]      Alternatively, plaintiffs assert putative class action claims under Rule 23, Fed. R. Civ. P., for violation of the Kansas Minimum Wage and Maximum Hours Law, K.S.A. § 44-1201 et seq., and the Kansas Wage Payment Act ("KWPA"), K.S.A. § 44-313 et seq. Those claims are not part of the FLSA collective action conditional certification.

Expenses And Suggestions In Support (Doc. #55) filed April 18, 2012.  For reasons stated below, the Court overrules the motions.

## I.     Factual Background

On March 8, 2010, Gambrell and Ayala filed putative collective action claims against defendants for alleged violations of the FLSA.  See Complaint (Doc. #1).  The complaint alleged that in violation of the FLSA, defendants willfully failed to pay straight time and overtime compensation.  Id. ¶1.

On October 21, 2010, pursuant to 29 U.S.C. § 216(b), the Court conditionally certified a class of flooring installers for Weber Carpet, Inc., and Joe's Carpet Springfield, LLC who were not paid for straight time and/or overtime premiums for all hours worked in excess of 40 in a workweek for the three-year period prior to the date of certification.  Memorandum And Order (Doc. #23). The Court appointed Gambrell and Ayala as class representatives.   See id.; Plaintiffs' Motion For Conditional Certification Of Class Claim Under § 216(b) Of The FLSA For Flooring Installers (Doc. #15) filed June 25, 2010.[2]

On July 29, 2011, after class members received notice and opted into the collective action, the class representatives and defendants entered into a settlement agreement.  See Joint Stipulation Of Settlement, Exhibit 1 to Amended Joint Motion For Approval Of FLSA Collective Action Settlement And Dismissal With Prejudice (Doc. #44) filed August 25, 2011.  The parties originally

_____

[2]      On December 17, 2010, the Court approved the proposed notice and consent form and directed plaintiffs to disseminate the notice and consent form to potential class members as soon as practicable.  See Memorandum And Order (Doc. #30).  Two months later, on February 25, 2010, plaintiffs mailed the collective action notice.  See Notice Of Mailing Of Collective Action Notice (Doc. #33).  Five individuals (Thomas Jones, Fernando Caldera, Alfredo Caldera, Louis Guerra and James Blesie) opted to join the class, though Jones later voluntarily dismissed his claim as untimely.  See Memorandum And Order (Doc. #47) at 2 n.2.

filed a joint motion seeking *in camera* review of the proposed payment terms.  See Joint Motion For *In Camera* Review Of Appendix A To Joint Stipulation Of Settlement, Approval Of FLSA Collective Action Settlement, And Dismissal With Prejudice (Doc. #42) filed July 29, 2011. The Court overruled the motion, finding that the public's interest in understanding disputes and knowing that courts are fairly run outweighs any interest of the parties in keeping the settlement amount confidential.  See Memorandum And Order (Doc. #43) filed August 11, 2011 at 3.

On August 25, 2011, the parties filed an Amended Joint Motion For Approval Of FLSA Collective Action Settlement And Dismissal With Prejudice (Doc. #44).  The Court overruled the motion, finding that the parties did not present sufficient information regarding whether (1) plaintiffs are similarly situated; (2) the litigation involves a bona fide dispute; or (3) the proposed settlement is fair and reasonable.  See Memorandum And Order (Doc. #47) January 19, 2012 at 5-7.  In addition, the Court expressed skepticism about the amount of attorney's fees requested by plaintiffs' counsel.  See id. at 7.

On April 6, 2012, the parties filed their third attempt to gain approval of their settlement. See Second Amended Joint Motion For Approval Of FLSA Collective Action Settlement And Dismissal With Prejudice (Doc. #52).

The terms of the proposed settlement are as follows: defendants will make settlement payments to six settlement class members in the following amounts:

| Name | Gross Wage Payment | Non-Wage Payment | Total |
|------|-------------------|------------------|-------|
| Arturo Ayala | $2,000 | $2,500 | $4,500 |
| James Blesie | $1,000 | $1,500 | $2,500 |

| | | | |
|---|---|---|---|
| Alfredo Caldera | $500 | $1,000 | $1,500 |
| Fernando Caldera | $1,000 | $1,500 | $2,500 |
| Louis Guerra | $500 | $1,000 | $1,500 |
| Wayne Gambrell | $500 | $1,000 | $1,500 |
| **Total** | **$5,500** | **$8,500** | **$14,000** |

Appendix A to <u>Joint Stipulation Of Settlement</u> ¶¶ 1-2.  The total settlement is $14,000.  <u>Id.</u>

Payments to class members include varying amounts of gross wage payments to account for unpaid

overtime.  They also include a non-wage payment in the same amount as the unpaid overtime (to

account for liquidated damages) plus $500 to resolve any KWPA claims.  Deductions such as

income and payroll taxes will be withheld from the gross wage payment portion of the settlement

payment.  <u>Id.</u> ¶ 1.  Additionally, defendants will pay class counsel an amount approved by the Court

up to $40,375, which represents 130 hours of attorney time at an hourly rate of $295 plus $2,025 in

costs.  <u>Id.</u> ¶ 3.

The proposed settlement requires settling class members to execute a general release and

waiver of all claims against defendants.  <u>Joint Stipulation Of Settlement</u> ¶ 9.1.  Specifically, the

proposed settlement requires a release of the following claims:

> any claims that were brought or could have been brought in this Action; any claims
> arising from Settlement Class Member's previous employment relationship with
> Settling Defendants; any claims arising from any alleged violation of any federal,
> state or local statute or ordinance, including but not limited to claims under the Civil
> Rights Act of 1866, 1871, 1964 and 1991, as amended; the Fair Labor Standards Act;
> the Family and Medical Leave Act; the Age Discrimination in Employment Act of
> 1967; the Older Workers Benefit Protection Act; the Employee Retirement Income
> Security Act of 1974; the Health Insurance Portability & Accountability Act of 1996;
> the Americans with Disabilities Act of 1990; the Rehabilitation Act of 1973; the
> Equal Pay Act of 1973; the Occupational Health and Safety Act; the Immigration
> Reform and Control Act of 1986; the Kansas Wage Payment Act; the Kansas

Minimum Wage and Overtime Law; the Kansas Act Against Discrimination, the Kansas Age Discrimination in Employment Act; and any claims under contract or common law.

Id. ¶ 9.1.

## II.    Legal Standards

When employees file suit against their employer to recover back wages under the FLSA, the parties must present any proposed settlement to the district court for review and a determination whether the settlement is fair and reasonable.  See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982)  To approve an FLSA settlement, the Court must find that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties concerned.  See id. at 1354.  The Court may enter a stipulated judgment only after scrutinizing the settlement for fairness.  See Peterson v. Mortg. Sources, Corp., 08-2660-KHV, 2011 WL 3793963, at *4 (D. Kan. Aug. 25, 2011).  Further, when a plaintiff has voluntarily assumed the fiduciary role of class representative, the Court must determine "whether the settling plaintiff has used the class action claim for unfair personal aggrandizement in the settlement, with prejudice to absent putative class members." Id. (quoting Shelton v. Pargo, Inc., 582 F.2d 1298, 1314 (4th Cir. 1978)).  If the settlement reflects a reasonable compromise over issues such as FLSA coverage or computation of back wages that are actually in dispute, the Court may approve the settlement to promote the policy of encouraging settlement of litigation. See Lynn's Food Stores, 679 F.2d at 1354.

Additionally, the FLSA entitles prevailing plaintiffs to recover "a reasonable attorney's fee . . . and costs of the action."  See, e.g. Gray v. Phillips Petroleum Co., 971 F.2d 591, 593 (10th Cir. 1992) (quoting 29 U.S.C. § 216(b)).  For purposes of attorney's fees, plaintiffs are considered a prevailing party if they succeed on any significant issue in litigation which achieves some of the

-5-

benefit they sought in bringing suit.  Jackson v. Austin, 267 F. Supp.2d 1059, 1063 (D. Kan. 2003).

Though the Court has discretion to determine the amount and reasonableness of the fee, the FLSA

fee award is mandatory.  Wright v. U–Let–Us Skycap Servs., Inc., 648 F. Supp. 1216, 1218

(D. Colo. 1986).

   Thus, to approve an FLSA settlement, the Court must find that (1) the litigation involves a

bona fide dispute, (2) the proposed settlement is fair and equitable to all parties concerned and

(3) the proposed settlement contains an award of reasonable attorney's fees.  See McCaffrey v.

Mortg. Sources, Corp., 08-2660-KHV, 2011 WL 32436, at *2 (D. Kan. Jan. 5, 2011); Lynn's Food

Stores, 679 F.2d at 1354.  Further, when parties settle FLSA claims before the Court has made a

final certification ruling, the Court must make some final class certification finding before it can

approve a collective action settlement.  McCaffrey, 2011 WL 32436 at *3.

**III.     Analysis**

   The parties ask the Court to approve their proposed settlement of FLSA collective action

claims.  Here, the parties seek court approval of a settlement obtained in the context of a private

action to recover unpaid wages.  If the settlement reflects a reasonable compromise over issues such

as FLSA coverage or computation of back wages that are actually in dispute, the Court may approve

the settlement to promote the policy of encouraging settlement of litigation.  See Lynn's Food

Stores, 679 F.2d at 1354.  Because the parties have settled FLSA claims before the Court has made

a final collective action ruling, the Court must make some final class certification finding before it

can approve a collective action settlement. See Burkholder v. City of Ft. Wayne, 750 F. Supp.2d

990, 993 (N.D. Ind. 2010).

**A.      Final Collective Action Certification**

The parties ask the Court to certify a final collective action of six flooring installers (Gambrell, Ayala, Fernando Caldera, Alfredo Caldera, Louis Guerra and James Blesie).  In making a final collective action determination, the Court considers several factors including (1) the disparate factual and employment settings of individual plaintiffs; (2) various defenses available to defendant which appear to be individual to each plaintiff; and (3) fairness and procedural considerations.  See Thiessen v. GE Capital Corp., 267 F.3d 1095, 1103 (10th Cir. 2001).[2]

As to the first factor, i.e. disparate factual and employment settings of individual plaintiffs, the parties assert that plaintiffs are similarly situated because they (1) worked as flooring installers from Weber's business address at 11400 Rogers Rd., Lenexa KS 66215; (2) were assigned to install floor coverings in the Kansas City metropolitan area; (3) were paid on a piece-rate basis for work performed; (4) recorded the type and amount of work as well as hours worked on the same type of form which determined how defendants paid them; and (5) had similar job duties and responsibilities and were compensated in the same manner.  Second Amended Joint Motion (Doc. #52) at 3-4.  This factor weighs in favor of final collective action certification.

As to the second factor, i.e. various defenses available to defendants which appear to be individual to each plaintiff, the parties assert that defendants' defenses concern the specific hours

---

[2]      Thiessen involved a collective action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq.    Because the ADEA adopts the collective action mechanism set forth in FLSA Section 216(b), Thiessen applies to FLSA collective actions.  See Kaiser v. At The Beach, Inc., No. 08-CV-586-TCK-FHM, 2010 WL 5114729, at *4 n.9 (N.D. Okla. Dec. 9, 2010); see also Brown v. Money Tree Mortg., Inc., 222 F.R.D. 676, 679 (D. Kan. 2004). Thiessen lists a fourth factor, i.e. whether plaintiffs made the filings required by the ADEA before instituting suit.  See Thiessen, 267 F.3d at 1103.    That factor does not apply in FLSA cases.  See Kaiser, 2010 WL 5114729, at *3 n.6.

worked by each class member and whether each class member is entitled to additional overtime compensation in specific workweeks during the applicable limitations period.  Id. at 4.  Although these defenses involve individual determinations regarding the number of hours worked during the limitations period, the type of defenses available to defendants appear similar among all class members.  This factor weighs in favor of final collective action certification.

As to the third factor, i.e. fairness and procedural considerations, the parties are silent on this issue.  In light of the policy of encouraging settlement of litigation, see Lynn's Food Stores, 679 F.2d at 1354, it appears that this factor weighs in favor of final collective action certification.

In weighing the above factors, it appears that certification of a final collective action of six flooring installers (Ayala, Blesie, Alfredo Caldera, Fernando Caldera, Gambrell and Guerra) would be appropriate.

**B.      FLSA Collective Action Settlement**

To approve the proposed settlement, the Court must find that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties concerned.  See Lynn's Food Stores, 679 F.2d at 1354.

**1.      Bona Fide Dispute**

The parties assert that a bona fide dispute exists as to whether defendants properly compensated flooring installers based on the piece-rate plan.  Second Amended Joint Motion (Doc. #52) at 4.  Specifically, the parties dispute whether all work hours were recorded and whether defendant properly compensated installers for overtime hours worked.  Id. at 5-7.  Based on these assertions, it appears that the litigation involves a bona fide dispute.

-8-

### 2.      Fair and Equitable

In determining whether the proposed settlement is fair and equitable, the factors which courts consider in approving a class action settlements under Rule 23(e), Fed. R. Civ. P., are instructive, but not determinative.  McCaffrey, 2011 WL 32436 at *5.  The Court must also consider factors relevant to the history and policy of the FLSA.  Id. (citing Dees v. Hydradry, Inc., 706 F. Supp.2d 1227, 1241 (M.D. Fla. 2010)).

Under Rule 23(e), the Court determines whether a settlement is fair, reasonable and adequate by considering the following factors: (1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist which place the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties that the settlement is fair and reasonable.  Id.

Consideration of these factors weighs in favor of approval.  First, the Court has no reason to doubt that the proposed settlement was fairly and honestly negotiated.  Second, it appears that the case involves serious questions of law and fact which place the ultimate outcome of the litigation in doubt, particularly as to whether class members in fact worked overtime hours and whether a two or three-year statute of limitations applies.[3]  Third, it appears that the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation.  And fourth, the parties obviously believe that the settlement is fair and reasonable.

---

[3]      Plaintiffs assert that defendants acted willfully, which extends the statute of limitations from two to three years under 29 U.S.C. § 255(a).

-9-

As noted, however, the Court must also determine that the proposed settlement is fair and equitable to all parties in light of the history and policy of the FLSA. In this regard, the Court is not satisfied that the proposed settlement allocates funds equitably among class members. In particular, the parties have not provided documentation sufficient to justify the proposed distribution amounts. They assert generally that the proposed settlement amounts account for differences in dates of employment, hours worked and when each plaintiff opted into the lawsuit, and they provide general information regarding when each plaintiff joined the lawsuit and employment dates for some plaintiffs. See Second Amended Joint Motion (Doc. #52) at 8-9. The information provided, however, does not show how the parties arrived at the specific amounts. For instance, both Ayala and Blesie filed a consent on March 11, 2010, but Ayala is to receive $2,000 in unpaid overtime while Blesie receives $1,000. Id. The parties provide no specific information to account for the difference. Similarly, Alfredo Caldera and Fernando Caldera both filed consents on March 23, 2011 and ended their employment on February 25, 2011. See McCaffrey, 2011 WL 32436 at 9. Also, the proposed settlement provides unpaid overtime of $1,000 to Fernando Caldera but only $500 to Alfredo Caldera. See Second Amended Joint Motion (Doc. #52) at 9. The parties do not explain the difference. The proposed settlement provides $500 in unpaid overtime to Alfredo Caldera, Guerra and Gambrell for seemingly different lengths of employment (for Alfredo Caldera, approximately 23 months from March of 2009 to February 25, 2011; for Guerra, approximately 11 months from March 26, 2008 to February 27, 2009; for Gambrell, approximately six and half months from February 27, 2009 to February 11, 2009). Id. at 8-10. The parties do not explain the discrepancies. Also, it appears that the proposed distribution applies a two-year statute of limitations to everyone except Guerra, who receives the benefit of a three-year statute of limitations.

See id. at 8-9.  Without more information to account for these differences, the Court cannot find that the proposed settlement is fair and equitable.

In addition, it is inappropriate to require plaintiffs to release all employment claims to settle their wage claims.  In this regard, the Court agrees with the United States District Court for the Middle District of Florida, which stated as follows:

> Pervasive, overly broad releases have no place in settlements of most FLSA claims. The FLSA requires employers to pay, unconditionally, a worker's wages. Employers cannot use the settlement of FLSA claims to extract a general release of claims before paying over the wages.  This is unfair, and it provides employers with a windfall should some unknown claim accrue to the employee at a later time. Further, in the typical FLSA case, the indeterminate nature of general releases also prevents the Court from being able to evaluate the claims that have been waived by employees, thereby making a fairness determination difficult if not impossible.

Bright v. Mental Health Res. Ctr., Inc., No. 3:10-cv-427-J-37TEM, 2012 WL 868804, at *4 (M.D. Fla. March 14, 2012) (citing Moreno v. Regions Bank, 729 F. Supp.2d 1346, 1351-52 (M.D. Fla. 2010)).

In light of the foregoing analysis, the Court cannot find that the proposed settlement is fair and equitable.  In particular, the parties have not provided information sufficient to account for differences in the proposed settlement amounts to class members.  In addition, requiring class members to provide a general release of claims runs contrary to the history and policy of the FLSA. In light of this ruling, plaintiffs' request for attorney's fees is premature and is overruled.

**IT IS THEREFORE ORDERED** that the Second Amended Joint Motion For Approval Of FLSA Collective Action Settlement And Dismissal With Prejudice (Doc. #52) filed April 6, 2012 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Unopposed First Amended Motion For Attorneys' Fees, Costs, And Expenses (Doc. #53) filed April 6, 2012 and Plaintiffs' Motion For

-11-

<u>Leave To Submit Additional Evidence In Support of Plaintiffs' Unopposed Amended Motion For</u>

<u>Attorneys' Fees, Costs, and Expenses And Suggestions In Support</u> (Doc. #55) filed April 18, 2012

be and hereby are **OVERRULED**.

Dated this 29th day of October, 2012, at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge

-12-