## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WAYNE GAMBRELL and ARTURO AYALA,<br>　　　　　　Plaintiffs,<br><br>v.<br><br>WEBER CARPET, INC., and<br>JOE'S CARPET SPRINGFIELD, LLC,<br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>) Case No. 2:10-cv-02131-KHV-KMH<br>)<br>)<br>)<br>)<br>) |

### JOINT STIPULATION OF SETTLEMENT

1.  **PREAMBLE**:

This Joint Stipulation of Settlement ("Joint Stipulation") is made and entered into by, between, and among the Named Plaintiffs (on behalf of themselves and the other Settlement Class Members) and the Settling Defendants, and is conditioned upon the Court's approval of the Stipulation and entry of a Final Order.

2.  **DEFINITIONS**:

The following terms, when used in this Joint Stipulation, have the meanings set forth below, except when they are otherwise or more-precisely defined in another Section of this Joint Stipulation.

    2.1    "Action" means the civil action filed in the United States Federal District Court for the District of Kansas, titled *Wayne Gambrell, et al., v. Weber Carpet, Inc., et al.*, Civil Action No. 2:10-cv-02131-KHV-KMH.

    2.2    "Appendix A" means that document attached hereto that specifies the correct name and address of each Settlement Class Member, and provides the amount of the Settlement

Payments payable to each Settlement Class Member, as well as the amount of attorneys' fees, expenses, and costs payable to Class Counsel, pursuant to this Joint Stipulation.

2.3 "Class Counsel" means Lewis M. Galloway, LG Law LLC.

2.4 "Class Counsel Communication" means the correspondence Class Counsel will send to the Settlement Class Member notifying them that this Action has been settled, and describing the nature of the settlement and their continuing obligation under the settlement.

2.5 "Court" means the United States District Court of the District of Kansas.

2.6 "Final Order" means the Order to be entered by the Court dismissing the Action with prejudice, to be effective no sooner than 15 days after the Court enters an Order approving the terms and conditions of this Joint Stipulation.

2.7 "Joint Stipulation" means this Joint Stipulation of Settlement.

2.8 "Named Plaintiffs" means Wayne Gambrell and Arturo Ayala.

2.9 "Opt-In Plaintiffs" means those persons who filed opt-in consent forms and were not subsequently dismissed from the Action.

2.10 "Released Claims" means the claims the Settlement Class Members are waiving and releasing pursuant to paragraph 9 of this Joint Stipulation.

2.11 "Released Parties" means and includes the Settling Defendants, as well as their parents, subsidiaries, owners, directors, officers, employees, agents, insurers, and attorneys.

2.12 "Settlement Checks" means the checks Settling Defendants will issue or cause to be issued that are made payable to Settlement Class members, as more fully described in Section 7 and Appendix A.

2.13 "Settlement Class Members" means the Named Plaintiffs and Opt-In Plaintiffs.

2.14 "Settling Defendants" means Weber Carpet, Inc. and Joe's Carpet Springfield, LLC.

2.15 "Settling Parties" means the Settlement Class Members and Settling Defendants.

2.16 "Settlement Payments" means the maximum amount as specified in Appendix A that the Settling Defendants will pay to the Settlement Class members and Class Counsel pursuant to the terms of this Joint Stipulation (not including the employer's share of applicable state or federal payroll taxes due and owing on account of this settlement).

3. BACKGROUND AND HISTORY OF ACTION:

3.1 This Action began on March 8, 2010, when Named Plaintiffs Wayne Gambrell and Arturo Ayala filed a complaint alleging that Settling Defendants did not pay them for all hours worked, did not calculate their overtime payments correctly, and made improper deductions from their pay in violation of the Fair Labor Standards Act ("FLSA"), the Kansas Minimum Wage and Maximum Hours Law ("KMWMHL"), and the Kansas Wage Payment Act ("KWPA"), and seeking FLSA collective action remedies against Settling Defendants.

3.2 By Order dated October 21, 2010, the Court conditionally certified this matter as a collective action under the FLSA and authorized a notice of the pending collective action in a form agreed to by the Settling Parties to be sent to all current and former Settling Class Members employed as Floor Installers from October 21, 2007 to the present.

3.3 Recipients of the Notice who timely filed a Consent to Become a Party Plaintiff were added to the case as Opt-In Plaintiffs. The Consent form signed by each Opt-In Plaintiff states that they designate the Named Plaintiffs and their attorneys as their agents to make strategic decisions on their behalf about the lawsuit, the method and manner of conducting the litigation, and decisions regarding settlement, attorney's fees and costs, and all other matters

3

pertaining to this action. The total number of Settlement Class Members (Named Plaintiffs and Opt-In Plaintiffs whose claim was not voluntarily dismissed as untimely) in this is case is six (6).

4. <u>REASON FOR SETTLEMENT</u>:

4.1     Although the Settling Parties do not abandon the position they took in this Action, they believe that continued litigation would be protracted, expensive, uncertain, and contrary to their best interests.  In light of these realities, the Settling parties believe that this Joint Stipulation is the best way to resolve the disputes between and among them.

4.2     Class Counsel have diligently and thoroughly investigated the facts of the Action, researched the legal issues involved, and aggressively and vigorously prosecuted this Action. Based on their own independent investigation and evaluation, Class Counsel believe that settlement for the consideration and other terms set forth in this Joint Stipulation is fair, reasonable, and adequate, and in the best interest of the Settlement Class Members. While Class Counsel believe the claims asserted in this Action have merit, they recognize and acknowledge that it would cost a lot of money, take a long time, and impose substantial burdens on the Settlement Class members to prosecute this Action through trial and appeal.  Class Counsel also have taken into account the uncertainty and risks inherent in any litigation.

5. <u>STATEMENT OF NO ADMISSION</u>:

5.1     Settling Defendants deny the facts alleged by Plaintiffs, deny any illegal conduct or wrongdoing, and deny liability in this Action.

5.2     The Joint Stipulation does not constitute, and is not to be deemed, construed, or used as, an admission by the Settling Defendants as to the truth of the factual allegations or the merits of the claims made against them in this Action.

5.3     The Joint Stipulation does not constitute, and is not to be deemed, construed, or used as, an admission of liability or wrongdoing on the part of the Settling Defendants with respect to this Action.

5.4     This Joint Stipulation may not be admitted into evidence or used in any proceeding, except an action, motion, or proceeding to approve, interpret, or enforce the terms of the Joint Stipulation.

6.      PROCESS FOR EFFECTUATING SETTLEMENT TERMS:

6.1     The Settling Parties agree to cooperate with each other and the Court and to take all necessary and appropriate steps to obtain approval of this Joint Stipulation and entry of a Final Order.

6.2     The Settling Parties will submit to the Court the Joint Stipulation, a proposed Final Order, and a Motion for approval of the settlement.

6.3     Within five (5) business days after the Court's entry of a Order approving the Joint Stipulation, Class Counsel will mail the Class Counsel Communication to all Settlement Class Members. The Class Communication will be subject to mutual agreement and approval by the Settling Parties.

6.4     If the Court does not approve the Joint Stipulation, it will be null and void. In such event, the Settling Parties expressly reserve their rights with respect to the prosecution and defense of the Action as if this Joint Stipulation never existed.

7. <u>SETTLEMENT PAYMENTS</u>:

7.1 Settling Defendants will make "Settlement Payments" to Settlement Class Members and Class Counsel in the amount set forth in Appendix A.

8. <u>ADMINISTRATION OF SETTLEMENT PAYMENTS</u>:

8.1 Settling Defendants will deliver or cause to be delivered to Class Counsel payment for Attorneys' Fees, Expenses, and Costs in the manner and at the times provided in Appendix A.

8.2 Settling Defendants will deliver or cause to be delivered the Settlement Checks so that they are physically in Class Counsel's possession no later than fifteen (15) business days after the Court's entry of a Final Order.

8.3 Class Counsel shall hold the Settlement Checks for each Settlement Class Member in escrow until such time as that Settlement Class Member has signed and delivered to Class Counsel a Release as required by paragraph 9 below.

8.4 Upon receipt of the Settlement Class Member's signed release, Class Counsel will be responsible for mailing or otherwise delivering the Settlement Checks to that Settlement Class Member.

8.5 If requested by Class Counsel on behalf of any Settlement Class Member, Settling Defendants will replace Settlement Checks within fifteen business days for any Settlement Checks that are lost, misplaced, inexplicably delayed in the mail, or inadvertently destroyed. Settling Defendants may deduct from each replacement Settlement check the cost of voiding the original Settlement Check and issuing and delivering the replacement Settlement Check, up to a maximum of $35.00 per Settlement Check.

8.6     Settling Defendants may void any Settlement Checks issued to Settlement Class Members that are not negotiated within 90 days after the Settlement Checks are received by Class Counsel ("Expiration Period").  Upon voiding such non-negotiated Settlement Checks and providing notice to Class Counsel, Settling Defendants will retain the amounts of the non-negotiated Settlement Checks, and such amounts will not be included in the Settlement Payment or subject to further distribution to Settlement Class Members.  Any Settlement Class Members who have not negotiated their Settlement Checks within the Expiration Period will be deemed to have waived their right to their respective Settlement Payments, but still will be bound by Release and other terms in this Joint Stipulation and the Final Order.

8.7     Within 14 days after the Expiration Period, Settling Parties will file a notice with the Court stating that all Settlement Payments to be made to Settlement Class Members and Class Counsel in accordance with the terms of Appendix A have been made, provided that all such Settlement Payments have in fact been made.

9.      <u>RELEASE OF CLAIMS</u>;

9.1     Each Settlement Class Member shall execute and deliver to Class Counsel a Release and Waiver in the form attached as Exhibit 1 wherein he agrees to release Released Parties from all claims, causes of action, or liabilities under the Fair Labor Standards Act ("FLSA"), the Kansas Minimum Wage and Maximum Hours Law ("KMWMHL"), the Kansas Wage Payment Act ("KWPA") and any other claims under contract or common law for payment of wages.   No Settlement Checks may be disbursed to a Settlement Class Member unless and until that Settlement Class Member has executed and delivered to Class Counsel the individual Release and Waiver agreement.

9.2    As soon as received, but no later than ninety (90) calendar days after delivery of the Settlement Checks to Class Counsel, Class Counsel shall provide to the Settling Defendants the signed releases for all Settlement Class Members and return the Settlement Checks for any Settlement Class Member who has not signed a release as provided in paragraph 9.1 above.

9.3    It is the desire of the Settling Parties to fully, finally, and forever settle, compromise, and discharge all Settlement Class Members' Claims against the Settling Defendants which were asserted in the Complaint.  As a consequence, each Settlement Class Member may hereafter discover facts in addition to or different from those which he now knows or believes to be true with respect to the subject matter of the Released Claims, but each Settlement Class Member, upon entry of the Final Order, shall be deemed to have, and by operation of the Final Order shall have fully, finally, and forever settled and released any and all Released Claims.  The Settlement Class Member shall be deemed by operation of the Final Order to have acknowledged that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.  Settlement Class Members will not assert, file, join, or maintain, in any court, arbitration forum, or administration tribunal, or otherwise, any claim or action based on any of the Released Claims.

10.    MISCELLANEOUS:

10.1    Confidentiality.  The Settling Parties agree that confidentiality is an essential part of this Agreement.  Other than this filing with the Court, the Settling Parties and their counsel agree not to disclose to anyone or discuss with anyone the terms of this settlement, except the Settling Parties' immediate family members, their tax advisors, and/or their legal advisors, unless otherwise required by law.    The Settling Parties and their counsel understand and agree that they will make no statements to the press or any media publication of any type (BNA, CCH, any

newspaper, etc.) regarding this matter and will not make any posting, publication, or statements of any type regarding this matter on or through any means, including, but not limited to, any electronic media or social media of any type (e.g., internet sites, Facebook, Twitter, etc.).  If asked about this matter, the Settling Parties will simply respond, "I do not wish to comment" or "the matter has been resolved" without indicating pleasure or displeasure with the resolution.

  10.2 <u>Counsel and Settling Parties' Authority</u>.  The signatures to the Joint Stipulation represent that they are fully authorized to enter into this Joint Stipulation and bind the respective Settling parties to its terms and conditions.

  10.3 <u>Taxation</u>.  Plaintiff Class Counsel and Settlement Class Members understand and agree that they have not relied on any express or implied representations concerning the tax implications of any Settlement Payments made herein.

  10.4 <u>Integration</u>.  This Joint Stipulation contains the entire agreement between the Settling Parties relating to the resolution of the Action.  All prior or contemporaneous agreements, understandings, representation, and statements, whether oral or written, and whether by a Settling party or its Counsel, are merged in this Joint Stipulation.  No rights under this Joint Stipulation may be waived except in writing.

  10.5 <u>Construction</u>.  The terms and conditions of this Joint Stipulation are the result of lengthy, intensive, arm-length negotiations between and among the Settling Parties.  Accordingly, this Joint Stipulation is not to be construed in favor of or against any Party by reason of the extent to which any Party or its counsel participated in the drafting of this Joint Stipulation.

  10.6 <u>Captions and Interpretations</u>.  Paragraph titles or captions are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of

this Joint Stipulation or any provision.  Each term of this Joint Stipulation is contractual and not merely a recital.

10.7   <u>Modifications</u>.  This Joint Stipulation may not be changed, altered, or modified, except in writing and signed by the Settling Parties, and approved by the Court.  This Joint Stipulation may not be discharged except by performance in accordance with it terms or by a writing signed by the Settlement Parties.

10.8   <u>Notices</u>.  All notices, demands, or other communications given under this Joint Stipulation must be in writing and will be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

> <u>To the Settling Class Members</u>:
>
> Lewis M. Galloway
> LG LAW LLC,
> 1600 Genessee Street, Suite 918
> Kansas City, Missouri 64102
>
>
> <u>To the Settling Defendants</u>:
>
> J. Randall Coffey
> Gregory D. Ballew
> FISHER & PHILLIPS LLP
> 4900 Main, Suite 650
> Kansas City, Missouri 64112

10.9   <u>Binding on Successors and Assigns</u>.  This Joint Stipulation shall be binding upon and inure to the benefit of the Settling Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

10.10   <u>Governing Law</u>.  The rights and obligations of the Settling Parties under this Joint Stipulation shall be construed and enforced in accordance with, and be governed by, the

substantive and procedural laws of the State of Kansas, without regard to Kansas' choice of law principles.

      10.11   Continuing Jurisdiction.  The Court shall retain jurisdiction to construe, interpret, and enforce this Joint Stipulation, to supervise administration of the Settlement Payments, and to hear and adjudicate any dispute arising from or related to the Joint Stipulation and settlement of this Action.

      10.12   Counterparts.  This Joint Stipulation may be executed in counterparts.  When each Settling Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, constitutes one Joint Stipulation, which is binding upon and effect as to all Settling Parties.

      **IN WITNESS WHEREOF** the Settling Parties, by their counsel, have executed this agreement effective this 25th day of March 2013.

| /s/ *Lewis M. Galloway* | /s/ *J. Randall Coffey* |
|---|---|
| Lewis M. Galloway KS No. 20172 | J. Randall Coffey     D. Kan. No. 70141 |
| LG Law LLC | Gregory D. Ballew    KS No. 17214 |
| 1600 Genessee Street, Suite 918 | FISHER & PHILLIPS LLP |
| Kansas City, MO  64102 | 4900 Main, Suite 650 |
| TEL:  (816) 422-7002 | Kansas City, Missouri 64112 |
| FAX:  (816) 326-0820 | TEL:  (816) 842-8770 |
| Email:  lewis@lglawllc.com | FAX:  (816) 842-8767 |
| ATTORNEY FOR PLAINTIFFS | Email:  rcoffey@laborlawyers.com |
|  | Email:  gballew@laborlawyers.com |
|  | ATTORNEYS FOR DEFENDANTS |

## EXHIBIT 1

## RELEASE AND WAIVER AGREEMENT

THIS RELEASE AND WAIVER ("Agreement") is made and entered into by _____ ("Settling Class Member") on the one hand, and Weber Carpet, Inc. and Joe's Carpet Springfield, LLC ("Settling Defendants"), on the other.

WHEREAS, Settling Class Member filed a consent to join a lawsuit against Settling Defendants, which is titled *Wayne Gambrell, et al., v. Weber Carpet, Inc., et al.*, Civil Action No. 2:10-cv-02131-KHV-KMH (the "Action"):

WHEREAS, Settling Class Member is represented by Lewis M. Galloway, LG Law LLC ("Class Counsel"); and

WHEREAS, the parties have entered into a Joint Stipulation of Settlement of the Action, of which the execution of this Agreement by Settling Class Member is a material term.

NOW, THEREFORE, in consideration of the premises and mutual promises contained in the parties' Joint Stipulation of Settlement filed in this Action and Appendix A thereto, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Settling Class Member agree as follows:

1. <u>Settling Class Member's Release</u>.  Settling Class Member, on behalf of Settling Class Member and Settling Class Member's heirs, successors, and assigns, does hereby unconditionally, knowingly, and voluntarily release and forever discharge Settling Defendants, as well as their parents, subsidiaries, owners, directors, officers, employees, agents, insurers, and attorneys ("Released Parties") from any and all claims under the Fair Labor Standards Act, the Kansas Wage Payment Act and the Kansas Minimum Wage and Overtime Law and any claims under contract or common law for payment of wages.

2. <u>Knowing and Voluntary.</u> In signing this Agreement, Settling Class Member agrees and certifies that: (a) he has consulted with Class Counsel and has carefully read and fully understands the provisions of this Agreement; (b) he has been allowed a reasonable period of time after receiving this Agreement in which to consider this Agreement before signing; (c) he agrees to the terms of this Agreement knowingly, voluntarily and without intimidation, coercion or pressure, and he intends to be legally bound by the Agreement; and (d) having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft this Settlement Agreement, agrees that this Agreement shall be construed as if the parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

3. <u>Prevailing Party.</u> Should any party sue for breach of this Release, the prevailing party shall be entitled to reasonable attorney's fees and costs.

*PLEASE READ AND CONSIDER THIS AGREEMENT CAREFULLY BEFORE EXECUTING.*

_____  _____
Date                                      Signature

                                          _____
                                          Print Name

_____  _____
Date                                      For