IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WAYNE GAMBRELL and )
ARTURO AYALA, on behalf of themselves )
and other persons similarly situated, )
 )
          Plaintiffs, )
 ) CIVIL ACTION
v. )
 ) No. 10-2131-KHV
WEBER CARPET, INC. and )
JOE'S CARPET SPRINGFIELD, LLC, )
 )
          Defendants. )
 )

**MEMORANDUM AND ORDER**

Wayne Gambrell and Arturo Ayala bring suit against Weber Carpet, Inc. and Joe's Carpet Springfield, LLC on behalf of themselves and others similarly situated, seeking unpaid straight time, overtime premiums and related penalties and damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.[1] See Complaint (Doc. #1) filed March 8, 2012. This matter is before the Court on the parties' Amended Joint Motion For Approval Of FLSA Collective Action Settlement And Dismissal With Prejudice ("Third Amended Joint Motion") (Doc. #60) and Plaintiffs' Unopposed Second Amended Motion For Attorneys' Fees, Costs, And Expenses (Doc. #61), both filed March 25, 2013. For reasons stated below, the Court sustains the motion for settlement approval and sustains in part the motion for attorney fees.

---

[1] Alternatively, plaintiffs assert putative class action claims under Rule 23, Fed. R. Civ. P., for violation of the Kansas Minimum Wage and Maximum Hours Law, K.S.A. § 44-1201 et seq., and the Kansas Wage Payment Act ("KWPA"), K.S.A. § 44-313 et seq. Those claims are not part of the FLSA collective action conditional certification.

-1-

**I.     Legal Standards**

    **A.     Settlement Approval**

When employees file suit against their employer to recover back wages under the FLSA, the parties must present any proposed settlement to the district court for review and a determination whether the settlement is fair and reasonable. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). To approve an FLSA settlement, the Court must find that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties concerned. See id. at 1354. The Court may enter a stipulated judgment only after scrutinizing the settlement for fairness. See Peterson v. Mortg. Sources, Corp., 08-2660-KHV, 2011 WL 3793963, at *4 (D. Kan. Aug. 25, 2011). Further, when a plaintiff has voluntarily assumed the fiduciary role of class representative, the Court must determine "whether the settling plaintiff has used the class action claim for unfair personal aggrandizement in the settlement, with prejudice to absent putative class members." Id. (quoting Shelton v. Pargo, Inc., 582 F.2d 1298, 1314 (4th Cir. 1978)). If the settlement reflects a reasonable compromise over issues such as FLSA coverage or computation of back wages that are actually in dispute, the Court may approve the settlement to promote the policy of encouraging settlement of litigation. See Lynn's Food Stores, 679 F.2d at 1354.

    **A.     Attorney Fees**

The FLSA requires that settlement agreements include an award of "a reasonable attorney's fee . . . and costs of the action." 29 U.S.C. § 216(b). Though the Court has discretion to determine the amount and reasonableness of the fee, the FLSA fee award is mandatory. See Wright v. U-Let-Us Skycap Serv., Inc., 648 F. Supp. 1216, 1218 (D. Colo. 1986)). To determine whether attorney fees are reasonable, the Court looks to the lodestar – that is, the number of hours worked multiplied

by the prevailing hourly rates, Perdue v. Kenny A. ex rel. Winn, 130 S. Ct. 1662, 1669 (2010) – and the 12 factors listed in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). See Rosenbaum v. MacAllister, 64 F.3d 1439, 1445 (10th Cir. 1995); Fulton v. TLC Lawn Care, Inc., No. 10-2645-KHV, 2012 WL 1788140, at *5 (D. Kan. May 17, 2012). Those factors are as follows: (1) time and labor required; (2) novelty and difficulty of question presented by the case; (3) skill requisite to perform the legal service properly; (4) preclusion of other employment by the attorneys due to acceptance of the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the client or circumstances; (8) amount involved and results obtained; (9) experience, reputation and ability of the attorneys; (10) "undesirability" of the case; (11) nature and length of the professional relationship with the client; and (12) awards in similar cases. Rosenbaum, 64 F.3d at 1445; Johnson, 488 F.2d at 717-19.

## II. Factual Background

The Court has thrice overruled the parties' motions to approve their proposed FLSA collective action settlement. Each time, the parties asked the Court to approve a proposed settlement which included payments to class members totaling $14,000.00, plus attorney fees and costs in the amount of $40,375.00. See Appendix A To Joint Stipulation Of Settlement, exhibit to Amended Joint Motion For Approval Of FLSA Collective Action Settlement And Dismissal With Prejudice (Doc. #44) filed August 25, 2100; Appendix A To Joint Stipulation Of Settlement attached to Second Amended Joint Motion For Approval Of FLSA Collective Action Settlement

And Dismissal With Prejudice ("Second Amended Joint Motion") (Doc. #52) filed April 6, 2012.[2]

On August 11, 2011, the Court overruled the parties' first motion because it asked the Court to review the proposed settlement *in camera*. See Memorandum And Order (Doc. #43) at 2-3.

On January 19, 2012, the Court overruled the parties' second motion because it did not present information sufficient to support rulings regarding (1) final class certification; (2) whether the proposed settlement resolves a bona fide dispute under the FLSA; and (3) whether the proposed settlement is a fair and reasonable compromise of plaintiffs' claims. See Memorandum And Order (Doc. #47) at 5-7. With regard to the proposed payment of $40,375.00 for costs and attorney fees, the Court stated that it was "skeptical" of the merit of the fee request given its large size compared to the amount of recovery for the class. Id. at 7. The Court concluded, however, that because it could not approve the proposed settlement, the fee request was premature.

On October 29, 2012, the Court overruled the parties' third motion because (1) the parties did not provide information sufficient to account for differences in proposed settlement amounts to class members; and (2) requiring class members to provide a general release of claims runs contrary to the history and policy of the FLSA. Memorandum And Order (Doc. #56) at 10-11. In that order, the Court found that (1) certification of a final collective action of six flooring installers (Gambrell, Ayala, Fernando Caldera, Alfredo Caldera, Louis Guerra and James Blesie) is appropriate; and (2) the litigation involves a bona fide dispute. Id. at 8. With regard to the attorney fee request, the Court again found it premature. Id. at 11.

---

[2] The parties' first motion did not include the amount of payments under the proposed settlement. See Joint Motion For *In Camera* Review Of Appendix A To Joint Stipulation Of Settlement, Approval Of FLSA Collective Action Settlement, And Dismissal With Prejudice (Doc. #42) filed July 29, 2011.

-4-

Before the Court is the parties' fourth motion for approval of an amended settlement agreement. See Third Amended Joint Motion (Doc. #60). The amended agreement contains a new release clause which includes only wage-related claims.[3] Compare Joint Stipulation Of Settlement ¶ 9.1, Exhibit 1 to Third Amended Joint Motion (Doc. #60) with Joint Stipulation Of Settlement ¶ 9.1 attached to Second Amended Joint Motion (Doc. #52). Except for the release of claims, the amended agreement appears to be identical to the earlier agreements. Compare Joint Stipulation Of Settlement, Exhibit 1 to Third Amended Joint Motion (Doc. #60) with Joint Stipulation Of Settlement attached to Second Amended Joint Motion (Doc. #52). Proposed payments to collective action members remain the same. See Appendix A to Joint Stipulation Of Settlement, Exhibit 2 to Third Amended Joint Motion (Doc. #60); Appendix A to Joint Stipulation Of Settlement attached to Second Amended Joint Motion (Doc. #52). Specifically, the parties proposed that defendants pay the following amounts to class members:

| Name | Gross Wage Payment | Non-Wage Payment | Total |
|---|---|---|---|
| Arturo Ayala | $2,000 | $2,500 | $4,500 |
| James Blesie | $1,000 | $1,500 | $2,500 |

---

[3] Specifically, the amended agreement requires class members to release the following claims:

> [a]ll claims, causes of action, or liabilities under the Fair Labor Standards Act ("FLSA"), the Kansas Minimum Wage and Maximum Hours Law (KMWMHL"), the Kansas Wage Payment Act ("KWPA") and any other claims under contract or common law for payment of wages.

Joint Stipulation Of Settlement ¶ 9.1, Exhibit 1 to Third Amended Joint Motion (Doc. #60).

| | | | |
|---|---:|---:|---:|
| Alfredo Caldera | $500 | $1,000 | $1,500 |
| Fernando Caldera | $1,000 | $1,500 | $2,500 |
| Louis Guerra | $500 | $1,000 | $1,500 |
| Wayne Gambrell | $500 | $1,000 | $1,500 |
| **Total** | **$5,500** | **$8,500** | **$14,000** |

Appendix A To Joint Stipulation Of Settlement ¶¶ 1-2, Exhibit 2 to Third Amended Joint Motion (Doc. #60). In addition, the parties propose that defendants pay $40,375.00 in attorney fees and costs. Id. ¶ 3.

### III. Analysis

To approve an FLSA settlement, the Court must find that (1) the litigation involves a bona fide dispute; (2) the proposed settlement is fair and equitable to all parties concerned; and (3) the proposed settlement contains an award of reasonable attorney fees. See McCaffrey v. Mortg. Sources, Corp., 08-2660-KHV, 2011 WL 32436, at *2 (D. Kan. Jan. 5, 2011); Lynn's Food Stores, 679 F.2d at 1354. Further, when parties settle FLSA claims before the Court has made a final certification ruling, the Court must make some final class certification finding before it can approve a collective action settlement. McCaffrey, 2011 WL 32436 at *3.

#### A. Settlement Approval

The parties ask the Court to approve their amended settlement of FLSA collective action claims. If the settlement reflects a reasonable compromise over issues such as FLSA coverage or computation of back wages that are actually in dispute, the Court may approve the settlement to promote the policy of encouraging settlement of litigation. See Lynn's Food Stores, 679 F.2d at 1354. Based on the Court's previous ruling, see Memorandum And Order (Doc. #56) at 8, the

Court finds that certification of a final collective action of six flooring installers (Gambrell, Ayala, Caldera, Caldera, Guerra and Blesie) is appropriate and that the litigation involves a bona fide dispute. Thus, the only issue is whether the amended settlement is fair and equitable to all parties concerned. See Lynn's Food Stores, 679 F.2d at 1354.

In its previous ruling, the Court found that (1) the parties did not provide information sufficient to account for differences in the proposed settlement amounts to class members; and (2) requiring class members to provide a general release of claims runs contrary to the history and policy of the FLSA. Memorandum And Order (Doc. #56) at 10-11. The amended agreement includes a release of only wage-related claims, which alleviates the Court's previous concerns regarding a general release of claims. See id. at 11. Regarding differing amounts of settlement payments to class members, the parties assert that the differences account for the parties' best estimate of hours worked by individual class members. See Third Amended Joint Motion (Doc. #60) at 4-6. Based on these representations, the Court finds that the proposed settlement is fair and equitable to all parties concerned. Accordingly, the Court approves the proposed FLSA collective action settlement.

### B. Attorney Fees And Costs

Plaintiffs seek $40,375.00 in attorney fees and costs. Plaintiffs' Unopposed Second Amended Motion For Attorneys' Fees, Costs, And Expenses (Doc. #61). To support the request, plaintiffs submit a declaration by their attorney, Lewis M. Galloway, and his time records. See Declaration Of Lewis M. Galloway, Exhibit A to Plaintiffs' Suggestions In Support Of Unopposed Second Amended Motion For Attorneys' Fees, Costs, and Expenses (Doc. #62) filed March 25, 2013. Galloway states that at the time of the initial settlement in July of 2011, he and another

attorney, Barry R. Grissom, had spent a total of 170 hours working on plaintiffs' claims.[4] Declaration Of Lewis M. Galloway ¶ 5. Galloway's time records show that he has spent 137 hours and 25 minutes on the case. See id. at 5-10. Galloway states that he seeks reimbursement for 130 hours at the rate of $295.00 per hour, i.e. $38,350.00. Id. ¶ 6.

As an initial matter, the Court notes that the parties have made multiple attempts to gain court approval of the settlement. It is not reasonable to compensate plaintiffs' counsel for time spent correcting mistakes in this regard. Moreover, the high number of attempts reflects poorly on the quality of representation. The Court will not award attorneys' fees for time entered after July 29, 2011, i.e. the date when plaintiffs filed their first motion for settlement approval. Galloway's records show that he spent 12 hours and 50 minutes after July 29, 2011. See id. at 10. Subtracting that amount from his total time yields 124 hours and 35 minutes, which for calculation purposes the Court will round to 124.5 hours. While this amount of time seems a bit high, the Court notes that counsel filed a successful motion to certify the class, served class notice, and participated in mediation of the case.

Plaintiffs' counsel seeks reimbursement at the rate of $295.00 per hour. Plaintiffs' motion provides no basis for determining whether this hourly rate is reasonable.[5] In a recent FLSA case

---

[4] Mr. Grissom is now the United States Attorney for the District of Kansas. Plaintiffs apparently do not seek compensation for Mr. Grissom's time on the case.

[5] In his declaration, Galloway states in 2010 — when he practiced at a large Kansas City firm — his regular hourly rate was $275.00. Declaration Of Lewis M. Galloway ¶ 3. Galloway does not state what type of law he practiced there. Galloway also states that in a case in the United States District Court for the Western District of Missouri, Judge Ortrie Smith acknowledged that his hourly rate of $400 is reasonable for matters taken on contingent basis. Id. ¶ 8. Galloway provides no information regarding the claims involved in that case, and he provides no record cite for Judge Smith's comments. See id.

where plaintiffs did not adequately support the requested hourly rate, the Court found that $168.58 was a reasonable hourly fee for attorneys who work on wage and hour cases. Wilhelm v. TLC Lawn Care Inc., No. 07-2465-KHV, 2009 WL 57133, at *5 (D. Kan. Jan. 8, 2009); see also Gardner v. Sprint/United Mgmt. Co., No. 08-2559, 2009 WL 1917408, at *3 (D. Kan. July 2, 2009). In this case, however, the Court finds that the quality of representation was below average. It will therefore allow an hourly rate of $125.00 per hour. Based on this hourly rate, the lodestar calculation is $15,562.50.[6]

Considering the Johnson factors, the Court finds that the eighth factor, i.e. amount involved and results obtained, warrants reducing the lodestar calculation. In particular, because counsel recovered a total of only $14,000.00 for class members, it appears that he over-litigated the case in light of the amount of money at stake. In other FLSA cases, the Court has found that fee awards in the range of 25 to 30 per cent of the total settlement amount are reasonable. See e.g., Grove v. ZW Tech, Inc., No. 11-2445-KHV, 2012 WL 4867226, at *5 (D. Kan. Oct. 15, 2012) (approving attorney fees of 25 per cent of settlement fund); Peterson v. Mortg. Sources, Corp., No. 08-2660-KHV, 2011 WL 3793963, at *9-11 (Aug. 25, 2011) (approving attorney fees of 30.5 per cent of settlement fund). Applying that formula here, based on a total recovery of $14,000.00 for class members, attorney fees of $6,000.00, or 30 per cent of a total settlement fund of $20,000.00, is reasonable.[7]

---

[6]  124.5 hours x $125.00 = $15,562.50.

[7]  It is unclear whether plaintiffs' counsel has left settlement money on the table, i.e. whether defendants would have agreed to pay the same settlement fund, i.e. $54,357.00, with higher payments to class members and a correspondingly higher amount of attorney fees (based on 30 per cent of the settlement fund) to class counsel. The parties' settlement agreement provides that any amount of the $40,375.00 in requested fees which the Court does not approve "shall be returned or

Plaintiffs seek $2,025.00 in costs for the filing fee and notice and mediation costs. See Declaration Of Lewis M. Galloway ¶ 9. The Court finds that this amount is reasonable. Therefore, the Court awards a total of $8,025.00 in attorney fees and costs.

**IT IS THEREFORE ORDERED** that the Amended Joint Motion For Approval Of FLSA Collective Action Settlement And Dismissal With Prejudice (Doc. #60) filed March 25, 2013 be and hereby is **SUSTAINED**. The Court approves the parties' Joint Stipulation Of Settlement, Exhibit 1 to Doc. #60.

**IT IS FURTHER ORDERED** that plaintiffs' Second Amended Motion For Attorneys' Fees, Costs, And Expenses (Doc. #61) filed March 25, 2013 be and hereby is **SUSTAINED in part**. The Court awards a total of $8,025.00 in attorney fees and costs.

Dated this 17th day of April, 2013, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

retained by defendants." Appendix A to Joint Stipulation Of Settlement ¶ 3, Exhibit 2 to Third Amended Joint Motion (Doc. #60). In other circumstances, the Court would send the parties back to the negotiating table. This case, however, has been pending for more than three years and the parties have already made four attempts to obtain court approval of their settlement. The class representatives are apparently satisfied that the amounts to be paid to class members are reasonable. Under these circumstances, the Court will approve the settlement submitted by the parties, as modified with respect to reasonable attorney fees.